UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:20-CR-53-1BO(3)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | INDICTMENT |
| | ) | |
| LESLIE MCCRAE DOWLESS JR. | ) | |
| | ) | |

The Grand Jury charges:

## INTRODUCTION

At all times relevant to this Indictment:

1. The Social Security Administration ("SSA"), an agency of the United States Government, administered monetary aid to the public through various federally funded programs. One program was the Title XVI Supplemental Security Income program ("SSI"), which authorized monthly monetary payments to individuals who were 65 years or older, blind, or disabled, and who met certain limited income and resource criteria. The amount paid to each SSI recipient depended on how much other income the individual received, among other things. From 2013 onward, SSI recipients could own up to $2,000.00 in resources, including cash, bank accounts, life insurance, savings bonds, automobiles, and other property. SSI recipients who received benefits based upon a disability were required to periodically complete redetermination forms to review the status of the recipient's medical condition. SSA required SSI recipients to report any changes in their status,

including any work activity and improvements in their medical condition, within ten days after the month the change occurred.

2. SSA also managed the Title II Retirement Insurance Benefits program ("RIB"), which authorized monthly monetary payments to eligible retired workers and their eligible dependents ("program beneficiaries"). RIB was payable to an individual age 62 or over who met the earnings requirement to be fully insured. Its purpose was to replace part of the earnings lost due to retirement. Once awarded, several factors could impact the amount of RIB payments program beneficiaries received during a given time period. For example, increased earnings, pension payments, and changes in marital status could trigger a recalculation of the monthly RIB payment. SSA required program beneficiaries to report any of the listed changes to the agency as soon as possible. Program beneficiaries were permitted to work while receiving RIB but any earnings above the annual limit often resulted in a reduction of RIB payments. In 2018, the annual earnings limit was approximately $17,040.00.

3. On or about February 12, 2013, the Defendant, LESLIE MCCRAE DOWLESS JR. ("DOWLESS"), applied for SSI citing a disabling condition with a December 27, 2012 onset date. SSA approved DOWLESS for SSI benefits on or about April 30, 2013, based upon his alleged disability.

4. On or about April 18, 2014, SSA notified DOWLESS it overpaid him $5,217.68 in SSI benefits because DOWLESS received $5,258.00 in wages and unearned income between January and February 2014. The money made DOWLESS

2

ineligible for the SSI payments he received during that time period.

5. On or about November 16, 2016, DOWLESS completed a SSI redetermination form claiming he remained disabled and did not receive income beyond his SSI benefits. SSA continued to pay DOWLESS SSI benefits until in or around November 2018.

6. On or about July 2, 2018, DOWLESS applied for RIB at the age of 62. In that application, DOWLESS stated he did not expect to work in 2018 and had not worked in the two years prior to his application. SSA approved DOWLESS for RIB on or about July 7, 2018.

7. Unbeknownst to SSA, DOWLESS worked for at least two candidates and their campaigns during the 2018 Midterm Election. Specifically, between in or around April 2017, and in or around May 2017, DOWLESS received approximately $3,300.00 in payments for his work. Between in or around August 2017, and in or around November 2018, DOWLESS received approximately $132,365.57 in payments. DOWLESS failed to report his work activity and income to SSA. At the time DOWLESS applied for RIB, he had received approximately $63,984.57 in payments between in or around January 2018, and in or around June 2018.

8. Because it was not aware of DOWLESS's ongoing work activity, SSA issued approximately $8,599.10 in SSI payments to DOWLESS between in or around March 2017, and in or around June 2018, when those payments were not authorized. SSA also issued approximately $5,604.00 in RIB payments to DOWLESS between in

3

or around July 2018, and in or around November 2018. In total, SSA tendered approximately $14,203.10 in unauthorized payments.

## COUNT ONE

9. From in or around March 2017, and continuing until in or around November 2018, in the Eastern District of North Carolina and elsewhere, the Defendant, LESLIE MCCRAE DOWLESS JR., did knowingly, intentionally and willfully embezzle, steal, purloin and convert to his own use and the use of another, on a recurring basis, money belonging to the United States exceeding the sum of $1,000, to which he knew he was not entitled, namely, Social Security Title XVI Supplemental Security Income, and Title II Retirement Insurance Benefits payments issued to DOWLESS, in violation of Title 18, United States Code, Section 641.

## COUNT TWO

10. Paragraphs 1 through 8 are re-alleged and incorporated here as though fully set forth in this count.

11. From in or around March 2017, and continuing until in or around June 2018, in the Eastern District of North Carolina and elsewhere, the Defendant, LESLIE MCCRAE DOWLESS JR., in a matter within the jurisdiction of the Social Security Administration, having knowledge of the occurrence of an event affecting his initial and continued right to Supplemental Security Income Benefits, concealed and failed to disclose such an event with the intent to fraudulently secure payment when

4

no payment was authorized. Specifically, the defendant, LESLIE MCCRAE DOWLESS JR., intentionally concealed his work and earnings from the Social Security Administration knowing that it would affect the Social Security Administration's ability to properly evaluate his entitlement to benefits, in violation of Title 42, United States Code, Section 1383a(a)(3).

## COUNT THREE

12. Paragraphs 1 through 8 are re-alleged and incorporated here as though fully set forth in this count.

13. From in or around July 2018, and continuing until in or around November 2018, in the Eastern District of North Carolina and elsewhere, the Defendant, LESLIE MCCRAE DOWLESS JR., in a matter within the jurisdiction of the Social Security Administration, having knowledge of the occurrence of an event affecting his initial or continued right of payment under Subchapter II of Title 42, United States Code, did conceal and fail to disclose said event with an intent fraudulently to secure payment in a greater amount than was due and when no payment was authorized. Specifically, the Defendant, LESLIE MCCRAE DOWLESS JR., concealed his work activity and related earnings in order to receive Social Security Title II Retirement Insurance Benefits payments to which he was not entitled, in violation of Title 42, United States Code, Section 408(a)(4).

(REMAINDER OF PAGE LEFT BLANK INTENTIONALLY)

## COUNT FOUR

14. Paragraphs 1 through 8 are re-alleged and incorporated here as though fully set forth in this count.

15. On or about July 2, 2018, in the Eastern District of North Carolina and elsewhere, the Defendant, LESLIE MCCRAE DOWLESS JR., did knowingly and willfully make materially false, fictitious, and fraudulent statements and representations in his Retirement Insurance Benefits Application, a matter within the jurisdiction of the Executive Branch of the Government of the United States, by falsely representing he was not working at the time of his application, did not expect to work the year of his application, and had not worked in the two years prior to his application, when in fact he knew that he had been employed since in or around March 2017, in violation of Title 18, United States Code, Section 1001.

(REMAINDER OF PAGE LEFT BLANK INTENTIONALLY)

## FORFEITURE NOTICE

The Defendant is hereby given notice that all of the Defendant's interest in all property specified herein is subject to forfeiture.

Upon conviction of the offense set forth in Count One of this Indictment, the Defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), as made applicable by 28 United States Code, Section 2461(c), any property, real or personal, constituting, or derived from, proceeds traceable to such violation.

The forfeitable property includes, but is not limited to, the gross proceeds of the offense described above actually obtained by the Defendant in the amount of at least fourteen thousand, two hundred and three dollars, and ten cents ($14,203.10) in U.S. currency.

If any of the above-described forfeitable property, as a result of any act or omission of the Defendant,

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said Defendant up to the value of the above forfeitable property.

A TRUE BILL

**REDACTED VERSION**
Pursuant to the E-Government Act and the federal rules, the unredacted version of this document has been filed under seal.

FOREPERSON

4-7-2020
DATE

ROBERT J. HIGDON, JR.
United States Attorney

TAMIKA GRIFFIN MOSES
Special Assistant United States Attorney

8